SARAH F. TOBEY and another, Executors, v. THE MANUFAC-
TURERS NATIONAL BANK.

In an action by executors against a bank, to recover a sum of money on deposit in said bank, which stood to the credit of their testate at the time of his decease, but was subsequently transferred by said bank to the credit of said executors, the bank cannot be allowed to set off a debt due to itself from said testate, it having no lien on said deposit.

ASSUMPSIT to recover the sum of $3,325.07 and interest, alleged to be money had and received by the defendants to the use of the plaintiffs.

A jury trial having been waived, the case was submitted to the court both upon fact and law, upon an agreed statement of facts, which is substantially stated in the opinion of the court.

Tobey and another, executors, *v.* The Manufacturers National Bank.

*Hart and Tobey, for the plaintiffs:*—

1. In actions brought by the executor or administrator of an estate that has been represented insolvent, upon a claim due the estate of the deceased, the defendant will not be permitted to file any claim, in set-off, which he may have against the estate of the deceased. *Irons, Admr.,* v. *Irons:* 5 R. I. 264; *Whitehead and Wife,* v. *Cade et al.* 1 Howard, (Miss.) 95.

II. But irrespective of the above, it is well settled, that in suits brought by executors and administrators upon promises made to themselves, in their representative capacity, the defendants will not be permitted to set off claims existing against the estate of the testator or intestate. *Shipman* v. *Thompson,* Willes, 103; *Hutchinson* v. *Sturges,* Willes, 264, note a; *Colby, Ad'x,* v. *Colby,* 2 N. H. 419; *Woodman, Ad'r,* v. *Barker,* 2 N. H. 479; *Shaw* v. *Gookin,* 7 N. H. 16; *Wolfsburger et al.* v. *Bucker,* 10 S. & R. 10; *Steel, Ex'r,* v. *Steel,* 12 Pa. State, 64; *Merritt* v. *Seamans,* 2 Selden, (N. Y.) 168; *Root, Ad'x,* v. *Taylor,* 20 Johnson, 137; *Dale et al., Ex'rs,* v. *Cooke,* 4 John. Ch. 11; *Fry* v. *Evans, Ad'x,* 8 Wend. 530; *Mercier* v. *Trimble, Ad'r,* 2 Hill 210.

III. Where a cause of action arises after the death of the testator or intestate, the suit may be brought by the executor or administrator, in his own name, or in his representative capacity. *Merritt* v. *Seamans,* 2 Selden, 168; *Mercier* v. *Trimble, Ad'r,* 2 Hill, 210; *Mowry* v. *Adams,* 14 Mass. 327; *Savage* v. *Merriam,* 1 Balckf. 177, note a; *Talemage* v. *Chappell,* 16 Mass. 71; *Biddle, Ad'r,* v. *Wilkins,* 1 Peters, 686.

*John P. Knowles, for the defendants:*—

I. An executor or administrator, after representing an estate insolvent, cannot maintain a suit against a debtor to the estate who has filed with the commissioners of claims a demand exceeding in amount that of the estate against him. The question between the parties must first be passed upon by the commissioners, and the parties respectively pursue the course prescribed by statute. Rev. Stat. Chap. 158, especially section 15. But if allowed to maintain a suit under such circumstances, he is to be presumed to ignore the fact of insolvency, and to admit the defendants' right of set off, to the extent allowed by the insolvent act. Rev. Stat. Ch. 200, § 36.

II. Plaintiffs' point I. is untenable, as inconsistent with statutory provisions. Chapters 158, 185, § 12 ; 200, §§ 36, 39 ; 161, § 7 ; and with settled usage and settled law in Rhode Island.

BRAYTON, C. J. By the agreed statement of facts, it appears that the plaintiffs are executors of the last will and testament of S. B. Tobey, deceased. That the deceased, at the time of his death, had on deposit with the defendant bank the sum of $34,288 92. Before the probate of the will, receivers, appointed by the Court of Probate, drew out upon their checks the sum of $34,000, which they again deposited to their own credit in the same bank, out of which they again drew out divers sums, leaving the balance to their credit, on the day when the executors received their letters, of $3,054 41. This sum the plaintiffs drew out by their checks, and again deposited the same in their own names. They also drew out the balance, originally standing to the credit of the receivers, of $288 92, which they also deposited to their own credit as executors, and to which they added other sums.

The balance of this account, in favor of the executors, was, on the 27th of July, 1867, $3,325 07. After said date, a bill of exchange, drawn by said Tobey, and held by the defendants, became due on September 14th, 1867, and was protested for non payment ; and on the first of September, a promissory note, endorsed by the said Tobey, and held by the defendants, fell due, and was protested.

The plaintiffs, are suing for the balance of the deposit standing to their credit, as such executors, and the defendants claim in defence to set off, the amount due them upon the bill of exchange and promissory note. And the question is, if their claim can be set off in this suit.

With our view of the transaction between the receivers and executors on the one part, and the defendants on the other, it is difficult to see how any set-off can be made of the amount due upon the bill and note from the testator.

In order to sustain a set-off, the defendants must have a claim in their own right, upon which an action is maintainable against the plaintiffs in the character in which the plaintiffs are suing.

This right of set-off must be mutual, so that, if the parties were reversed, the present plaintiffs could set off their claims against that of the defendants in this case.

Had the moneys remained standing to the credit of the testator, the plaintiffs must have counted upon the promises made to him in his lifetime. On the probate of the will, the executors became entitled to sue for the amount. The debt due from the defendant was then assets in their hands ; but it was a chose in action which entitled them to demand it and to reduce it to possession. They might do it by suit, if necessary, but if not, upon simple demand. But from the time they received it, and so reduced it to possession, they become accountable for it, as so much money in their hands, collected, reduced to possession. Had they been unable, by proper diligence, to collect it, they might have relieved themselves from all accountability for the amount, by that fact, but having received it, they could no longer relieve themselves by such a defence. They are debtors to the estate for the amount. They could not loan it to the defendant so as to relieve themselves for personal liability, if lost. This is what the executors have done.

Having this chose in action which it was their duty to collect, they proceeded to do so. The obligation made to the testator was discharged, the right of action became extinguished, and the plaintiffs became accountable to the estate of the testator for the amount as cash in their hands. When they received these moneys there was no claim held by the defendant which could be sued. There existed no right of action. There was no defence which the defendants could set up at that time against the demand of the executors. Had the moneys, after this receipt, been deposited with other persons, instead of being again committed to the defendants, there could be no question but that the contract under which the deposit was made was personal to the executors. It is none the less so that the new contract was made with the previous depositories.

Had the estate been solvent, the set-off now claimed could not be made. It is not necessary, therefore, to consider the other point made in the case, in view of the insolvency, this

point being equally fatal, whether the estate were solvent or insolvent.

*Judgment for plaintiffs for amount claimed.*